UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEROME HALSELL, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01627-SEB-DLP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Dismissing Action for Lack of Jurisdiction
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jerome Halsell for relief pursuant to 28 U.S.C. § 2255 is dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

Title 28 U.S.C. § 2255(a) provides:

> **A prisoner in custody under sentence of a court** established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* (emphasis added). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

1

On October 17, 2003, Mr. Halsell was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in *United States v. Halsell*, 1:03-cr-00119-SEB-DKL-1. On October 29, 2004, this Court sentenced Mr. Halsell to 180 months in prison and five years of supervised release. The 180-month sentence was based upon the Court's finding that Mr. Halsell was an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act) (ACCA).

The Court found Mr. Halsell to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA enhancement. Specifically, the Court found that Mr. Halsell had battery and resisting law enforcement convictions that qualified as "violent felonies."

On June 26, 2015, the United States Supreme Court held that the "residual" clause of the ACCA was unconstitutional based on vagueness. *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* was determined to announce a new substantive rule of constitutional law that applied retroactively to ACCA defendants. *Welch v. United States,* 136 S.Ct. 1257 (2016). Thus, only prior convictions that qualify as violent felonies under the "enumerated offenses" clause or "force" clause of the ACCA can be used to enhance a sentence under that statute.

With the assistance of counsel, Mr. Halsell filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. That application was granted by the Seventh Circuit and this court was authorized to consider Mr. Halsell's *Johnson* claim, along with the government's defenses. *Halsell v. United States,* No. 16-2635 (7th Cir. June 23, 2016).

This motion for relief pursuant to § 2255 followed. Mr. Halsell argues that under *Johnson*, his convictions for battery and resisting law enforcement do not qualify as crimes of violence under

the "enumerated offenses" clause or the "force" clause of the ACCA and his sentence was therefore improperly enhanced. Prior to withdrawing, Mr. Halsell's counsel stated that Mr. Halsell has been released from custody in the underlying criminal action.

On December 19, 2017, in *United States v. Halsell*, 1:17-cr-111-MJR-TAB-01, the Court accepted "an orally amended petition to revoke supervised release in case 1:03-cr-119-SEB-DKL-01" and accepted Mr. Halsell's guilty plea in 1:17-cr-111-MJR-TAB-01. See dkt. 37, Minute Order. Mr. Halsell is currently in custody on his 2017 conviction for possession of a firearm by a prohibited person. See 18 U.S.C. § 922(g)(1). Mr. Halsell is not in custody based on his conviction in 1:03-cr-119-SEB-DKL.

Federal courts have jurisdiction over a habeas petition if the petitioner is "in custody," but not after a conviction has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (holding that the custody requirement is jurisdictional).

Because Mr. Halsell is not in custody based on the underlying sentence challenged in this § 2255 motion, no relief can be granted. This action must be dismissed for lack of jurisdiction.

## II. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, the motion for relief pursuant to § 2255 is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Halsell has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

The **clerk is directed** to docket a copy of this Entry in 1:03-cr-119-SEB-DKL-01.

**IT IS SO ORDERED.**

Date: _____5/11/2018_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jerome R. Halsell
Reg. No. 07245-028
FCI Memphis
FEDERAL CORRECTIONAL INSTITUTION
P.O, BOX 34550
MEMPHIS, TN  38184